UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY BANKS, III, ET AL | CIVIL ACTION |
| VERSUS | NO.  05-6853 |
| THE UNITED STATES OF AMERICA, ET AL | SECTION  "M" (4) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2).  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.     **Factual Summary**

Leroy Banks's claims arise from the disastrous effects of Hurricane Katrina on the City of New Orleans as it made landfall on August 29, 2005.  According to his complaint, he was displaced from his home because of the hurricane and evacuated to the New Orleans Superdome on August 30, 2006.  While the complaint is not entirely clear as to what happened next, he apparently then evacuated to Texas, and then to Decatur, Georgia.

On January 6, 2006, Banks filed this *pro se* and *in forma pauperis* putative class action on behalf of himself and other future named plaintiffs against the United States of America, President George W. Bush, Louisiana Governor Kathleen Blanco, New Orleans Mayor C. Ray Nagin, and other federal, state, and city officials, as well as certain private entities.  The purported class is made up of all of the residents of Orleans, Jefferson, and St. Bernard Parishes affected by Hurricane Katrina.

Banks alleges that the defendants negligently and maliciously conspired to kill the class members in this case by not protecting them from the effects of Hurricane Katrina by, among other things, failing to close the flood gates of the Industrial Canal.  He contends that while they were unable to kill 10,000 people, they were able to kill over 1,000 people, including a family member, Ricky Chester.

He also contends that the defendants released excessively contaminated water, failed to advise him and the purported class action members that the levees were breached, and used man-made objects such as the flood gates, and other instrumentalities of interstate commerce to infringe their constitutional rights.  He also contends that the defendants purposely stated that the pumps were not on but that they would turn them on.  He also claims that the defendants sacrificed the lives of people to protect the Central Business District and the French Quarter in New Orleans.

Banks also alleges that the defendants refused to distribute charitable funds and government grants.  He further contends that the Federal Emergency Management Agency ("FEMA") used a malicious manner of intimidation, threats and deprived him of due process by conspiring with the other defendants, businesses, and government agencies, to "fraudulently obtain funds that are granted to [Banks and purported class members] by Gov[ernment] funds."  (Pl. Cmplt. at 26).   He also contends that the defendants abandoned any immunity defenses because the political officers

acknowledged their fault.  He also contends that the unknown agents of the FBI, local police and New Midas ignored these claims.[1]

Banks specifically states that he seeks to bring § 1983 claims against all defendants in both their individual and official capacities and he also seeks to bring claims under the Federal Tort Claims Act for violating his civil rights along with the civil rights of his family.  He also seeks criminal indictments under 18 U.S.C. § 242.  (*See* Rec Doc. No. 3 at 11).

In another section of his complaint, Banks lists the following areas of relief: racial and economic discrimination under the First Amendment, violations of the Eighth Amendment, violations of the National Fair Housing Act, the Fair Credit Act, the Federal Tort Claims Act, the Code of Ethics, the Louisiana Code of Criminal Procedure for damage to the water pipeline, and the National Insurance and Securities laws that "prohibits arbitrary and capricious intent to monopolize off of individuals who are indigent."  He also alleges wrongful death, theft, conspiracy, insurance fraud, breach of the obligation under the law to protect the citizens, and negligence.  He seeks 150 billion dollars in damages.  (*See* Rec. Doc. No. 3 at 18).

Finally, he also attaches a defendants list which lists as defendants President George W. Bush, Governor Blanco, Mayor Ray Nagin, Attorney General C. Foti, et al of Louisiana, F.B.I. agents, Mike at FEMA, NOPD, First Avenue Baptist Church, CNN Atlanta, WDSU Atlanta, WWL New Orleans, Sewerage and Water Board of New Orleans, Army Corps of Engineers, Social Security Office, Allstate Insurance Company, Z.C. Sterling Insurance Company, and the SBA.  He does not indicate which causes of action are urged against which defendants.

To his complaint, Banks also attaches a set of exhibits numbering approximately 65 pages. The Court will address an exhibit if relevant to its analysis.

---

[1]The identity of New Midas is not stated in the complaint.

## II.   <u>Standard of Review</u>

The Court first notes that it is well established rule that pro se complaints are held to a less stringent standard than formal pleadings and should be liberally construed.  *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  However, Title 28 U.S.C. § 1915(e)(2)(b), requires the Court to *sua sponte* dismiss complaints filed by a plaintiff proceeding *in forma pauperis* upon a determination that they are frivolous.  28 U.S.C. § 1915(e)(2).  This section applies equally to prisoner and non-prisoner cases.  *See Newsome v. Equal Employment Opportunity Comm'n*, 301 F.3d 227, 231-33 (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim).  Indeed the relevant section makes no distinction between prisoner and plaintiff, providing only that the court"shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from suit."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless", a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's

claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

**A.    Fed. R. Civ. P. 8**

The Court first turns to the second and third page of the complaint.  These pages contain a list of nothing more than a number of parties that Banks named as defendants in this case.  Rule 8 of the Federal Rules of Civil Procedure requires that Banks set forth a short and plain statement of the claim showing that he is entitled to relief.  FED. R. CIV. P. 8(a)(2).  Under Rule 8 notice pleading, "the complaint must allege sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bremer v. Housing Authority of New Orleans*, 1999 WL 298795 (E.D. La. May 12, 1999). "Some facts must be alleged that convince the court that the plaintiff has at least a colorable claim. Conclusory allegations will not suffice." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988).

The Court notes that Banks fails to make any allegations at all against the Social Security Administration, the Small Business Association, the Army Corps of Engineers, Midland Mortgage Company, Z.C. Sterling Insurance Company, the Sewerage and Water Board of New Orleans, and First Avenue Baptist Church.  While some of his exhibits reference these entities, his complaint makes no mention of any specific claims against these entities, or how he is entitled to relief by these entities.

Accordingly, and in the absence of any factual claims against the Social Security Administration, the Small Business Association, the Army Corps of Engineers, Midland Mortgage

Company, Z.C. Sterling Insurance Company, the Sewerage and Water Board of New Orleans, and First Avenue Baptist Church, this Court recommends that Banks's claims against them be dismissed for failing to state a claim and/or for frivolousness under 28 U.S.C. § 1915(e)(2)(b).

**B.      Federal Claims**

The Court next turns to Banks's federal claims.  Specifically he claims violations of the National Fair Housing Act, the Fair Credit Reporting Act, the National Insurance and Securities Laws, and the Eighth Amendment.  He also seeks criminal indictments under 18 U.S.C. § 242, and seeks to bring claims under the Federal Tort Claims Act.  Finally, he claims racial and economic discrimination under the First Amendment and seeks to bring claims under  42 U.S.C. § 1983 and *Bivens*.  The Court addresses these claims in turn.

**1.      National Fair Housing Act**

The National Fair Housing Act ("NFHA") prohibits certain discrimination in the sale or rental of housing.  *See* 42 U.S.C. 3603(a).  Such prohibited discrimination includes refusing to sell or rent because of race, color, religion, sex, familial status, or national origin.  *See* 42 U.S.C. § 3604.  The Act further allows for a private right of action for individuals seeking relief for alleged discriminatory practices.  *See* 42 U.S.C. 3613(a).

In his complaint, Banks does not allege that he was prohibited from renting, selling, or purchasing any property.  Indeed, Banks's complaint offers no allegation in support of a claim under the NFHA whatsoever.  Instead, Banks apparently owns or owned a home that he inherited after his mother passed away sometime in 2004.  Thus, there is no issue of any prohibition on the sale, purchase, or rental of any property and thus no claim under NFHA.  Accordingly, this Court recommends that any claim based on the NFHA be dismissed for failing to state a claim and/or for frivolousness.

2. **The Fair Credit Reporting Act**

The Fair Credit Reporting Act ("FCRA") is meant to "safeguard against the improper reporting of information on a credit report (either by the credit reporting agency or by the furnisher of credit information) and against the improper disclosure of a credit report." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1074 (9th Cir. 2001); 15 U.S.C. § 1681. FCRA also provides for a private cause of action against any person who willfully fails to comply with any "requirement" of the FCRA. 15 U.S.C. § 1681n; *Zamora v. Valley Federal Sav. & Loan Ass'n of Grand Junction*, 811 F.2d 1368, 1370 (10th Cir. 1987).

In this case, Banks provides no allegation in support of his claims for relief under the FCRA. He does not mention any improper reporting of his information on a credit report or that his credit information was disseminated in violation of the requirements of FCRA. There are simply no allegations in his complaint that could give rise to a claim under FCRA. Accordingly, the Court recommends that Banks's claims under the Fair Credit Reporting Act be dismissed for failing to state a claim and/or for frivolousness.

3. **Federal Securities Law**

The Federal Securities Laws are meant to protect an investor "from the sale of worthless securities through misrepresentation." *Uselton v. Commercial Lovelace Motor Freight, Inc*, 940 F.2d 564, 508 (10th Cir. 1991). This purpose is achieved by "(1) requiring disclosure to investors of relevant, accurate information upon which to base an investment decision and (2) providing meaningful remedies for investors when the antifraud provisions of the laws have been violated. *Id.* (internal quotations omitted).

In order to state a claim under either the 1933 or 1934 Securities Act, there must be, among other things, a transaction involving securities. *See United Housing Foundation, Inc., v. Forman*,

421 U.S. 837, 847 (1975).  There was no securities transaction as this case arises out of Banks's

evacuation from Hurricane Katrina.[2]  Accordingly, the Court recommends that Banks's claims under

the Federal Securities Laws be dismissed for failing to state a claim.

### 4.        Seeking Criminal Indictments under *Bivens*

Title 18 U.S.C. § 242 provides that "[w]hoever, under color of any law, statute, ordinance,

regulation or custom, subjects any person . . . to the deprivation of any rights, privileges, or

immunities secured by the Constitution or laws of the United States . . . .by reason of his color, or

race . . . shall be fined . . . or imprisoned not more than one year."  42 U.S.C. § 242.   However, the

statute is criminal in nature, and courts have concluded that § 242 does not convey a private right of

action.  *See Rockefeller v. U.S. Ct. of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp.2d 17,

22 (D.D.C. 2003).  Thus, because there is no private right of action, Banks cannot state a claim under

18 U.S.C. §242.  Accordingly, the Court recommends that Banks's claim under 18 U.S.C. § 242 be

dismissed for failure to state a claim.

### 5.        The Federal Tort Claims Act ("FTCA")

The Court next turns to Banks's claims under the FTCA.  In particular, Banks contends that

the defendants are liable under FTCA for discrimination, conspiracy, and being ignored.  He may

also seek to bring a claim of wrongful death.  Banks further states that the plaintiffs "have totally

exhausted our administrative remedies as required by fema, e[t]c. . ."  (*See* Rec. Doc. No. 3 at 15).

The FTCA is a limited waiver of sovereign immunity.  *Leleux v. United States*, 178 F.3d 750,

754 (5th Cir. 1999).  Under the FTCA, "[t]he United States shall be liable, respecting the provisions

of this title relating to tort claims, in the same manner and to the same extent as a private individual

---

[2] The Court notes that the complaint itself is a form complaint for filing a class action for violating Federal securities laws.

under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." The purpose of the FTCA is compensating victims of governmental negligence. *Sant v. United States*, 896 F. Supp. 639, 640-641 (W.D. La. 1995). Because the alleged conduct occurred in Louisiana, Louisiana law applies to Banks's FTCA claims. *Tindall v. United States*, 901 F.2d 53, 55 (5th Cir. 1990).

One of the prerequisites to bringing a claim under the FTCA is that the claimant must exhaust administrative remedies prior to bringing suit. In particular, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.." 28 U.S.C. § 24675(a). Courts have held that this exhaustion requirement is jurisdictional, and without evidence that a FTCA claim has been presented to the appropriate agency, the FTCA claim must be dismissed. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1995); *Evanland v. Director of CIA*, 843 F.2d 46, 50 (1st Cir. 1988).

In this case, while Banks alleges that the plaintiffs have exhausted their administrative remedies as required by FEMA, he provides the Court with no evidence that he filed the appropriate Standard Form 95 with the agency and was subsequently denied. Thus, to the extent that Banks seeks to allege any FTCA claims, the Court recommends that such claims be dismissed without prejudice for failure to exhaust administrative remedies.

### 6.      Claims under 42 U.S.C. §1983 and *Bivens*

The Court first notes that Banks alleges economic and racial discrimination by the defendants under the First Amendment. However, the First Amendment does not provide a basis for an equal protection claim. Instead, this Amendment, provides that "Congress shall make no law respecting

an establishment of religion . . . abridging the freedom of speech . . . or the right of the people to assemble, and petition the Government for a redress of grievances. "  U.S. CONST. amend I.

Instead, claims of equal protection can be brought against the Federal Government under the Fifth Amendment and against the states under the Fourteenth Amendment. *Weinberger v. Wiesenfeld,* 420 U.S. 636, 638 n.2 (1975).  In light of the broad reading afforded pro se complaints, this Court will construe these claims as being brought under those Amendments.

A plaintiff's economic status cannot create a protected class entitled to equal protection.  As the Supreme Court has noted, "this Court has held repeatedly that poverty, standing alone is not a suspect classification."  *Harris v. McRae*, 448 U.S. 297, 323 (1980).  Thus, allegations of economic discrimination do not reach the level of a cognizable claim under the United States Constitution. Accordingly, the Court recommends that to the extent Banks seeks to bring a claim of economic discrimination, such claims should be dismissed for failure to state a claim and/or frivolousness.

The Court next notes that by its very terms, 42 U.S.C. § 1983 applies to state, not federal actors.  *Morin v. Moore*, 309 F.3d 316, 321 (5th Cir. 2002).  Thus, he cannot state a claim pursuant to § 1983 against the United States, President George W. Bush, former FEMA director Michael Brown, or FEMA, such that these claims should be dismissed.[3]

### a. *Bivens* **Claims**

Banks may however, maintain a claim against a federal employee accused of violating his federal constitutional rights under the Supreme Court's holding in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*.  403 U.S. 388, 396 (1971).  Such a claim is now generally referred to as a *Bivens* action.

---

[3]This includes his allegation of intimidation and maliciousness on the part of the FEMA.

In *Bivens*, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. *See Bivens*, 403 U.S. at 395-396. The Supreme Court has implied the availability of Bivens actions under the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980), and the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979). However, simply because there is "no statutory relief available for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." *Schreiber v. Mastrogiovanni*, 214 F.3d 148, 152 (3d Cir.2000) *(citing Schweiker v. Chilicky*, 487 U.S. 412 (1988)).

A *Bivens* claim, however, is available only against government officers in their individual capacities in order to deter future civil rights violations by such individuals. *Williams v. U.S. Dept. of Agriculture*, 815 F.2d 368, 380 (5th Cir. 1987). The Supreme Court has held that there can be no *Bivens* cause of action against the United States Government, a federal agency, or government officers in their official capacities, because the deterrent effect on the individual would be lost. *FDIC v. Meyer*, 510 U.S. 471, 484-486 (1994). Thus, Banks cannot pursue a *Bivens* claim against FEMA, or the United States, because *Bivens* claims are not available against a federal agency. Further, Banks cannot pursue a Bivens claim against Michael Brown in his capacity as the director of FEMA or President Bush in his official capacity.

Accordingly, any *Bivens* claims Banks seeks to state against the United States, FEMA, and President Bush and Michael Brown in their official capacities, should be dismissed with prejudice for failure to state a claim for which relief can be granted and/or for frivolousness. The Court then turns to whether Banks can state claims under *Bivens* against George W. Bush and Michael Brown in their individual capacity.

### i.       **Conspiracy Claims**

In this case, Banks alleges the existence of a conspiracy between "State, Gov., and City Officials" to close the flood gates of the industrial canal with the intent to murder the citizens.  (*See* Rec. Doc. No. 13).  No particular officials are named in this section of the complaint other than a reference to "the defendants listed."  The Court notes that Banks also provides no allegations that President George Bush or Michael Brown personally participated in any conspiracy.

In order to state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)).  Here, Banks has failed to indicate to the Court what constitutional right any of the federal defendants conspired to violate.  Such an indication is necessary to show a constitutional violation giving rise to a *Bivens* claim.  Thus, the Court cannot conclude whether the Supreme Court has implied a right of action under *Bivens* for the alleged violation such that it can properly analyze the claim.   Accordingly, the Court should dismiss his conspiracy claims unless he files a motion to amend within 20 days from the signing of this Report and Recommendation with a proposed amended complaint specifically detailing which federal actors conspired to deprive him of which constitutional rights and detailing more than conclusory allegations of said conspiracy.

### ii.    Racial Discrimination

As noted above, Banks apparently alleges racial discrimination by the federal defendants. The Supreme Court has held that "a cause of action may be implied directly under the equal protection component of the Due Process Clause of the Fifth Amendment in favor of those who seek to enforce this constitutional right."  *Davis*, 442 U.S. at 242; *Moore v. U.S. Dep't of Ag.*, 993 F.2. 1222, 1223 (5th Cir. 1993)  (noting that a *Bivens* type action could be found in the equal protection clause of the Fifth Amendment).

12

However, Banks provides no other allegations of racial discrimination nor does he provide any allegations that the federal defendants treated other races differently.  Such allegations are a prerequisite to a racial discrimination claim.  With nothing more than conclusory allegations of discrimination by the defendants, Banks cannot maintain his claim.  *See McMillan v. Togus Regional Office, Dept. of Veteran's Affairs*, 120 Fed. Appx. 849 (2d Cir. 2005) (requiring more than conclusory allegation in § 1983 action).  Accordingly, the Court recommends that, to the extent that Banks seeks to allege a claim of discrimination under *Bivens*, such a claim should be dismissed for failing to state a claim and/or for frivolousness.

### iii.    Eighth Amendment

In *Carlson v. Green*, the United States Supreme Court found an implied right of action under *Bivens* for violations of the Eighth Amendment.  *See* 446 U.S. 14.   The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'"  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted).  However, the Eighth Amendment's "prohibition against cruel or unusual punishment is not applicable to cases in which the plaintiff [is] not in custody as a result of having been convicted of a crime."  *Lynch v. Cannatella*, 810 F.2d 1363, 1375 (5th Cir. 1987).  As the Supreme Court has noted, "an examination of the history of the Amendment and the decisions of this Court construing the proscription against cruel and unusual punishment confirms that it was designed to protect those convicted of crimes."  *Ingraham v. White*, 430 U.S. 651, 664 (1977).

It is not clear what actions by the federal defendants Banks contends violate the Eighth Amendment such that a cause of action is available under *Bivens*.  However, one thing is clear; at the time of the complained of actions, Banks does not allege he was in the custody of the federal

government as a result of having been convicted of a crime.  Indeed, according to his complaint, he first evacuated to the Superdome, and then made his way to Texas before ending up in Georgia. Thus, because Banks was not in the custody of the federal government, he cannot allege an Eighth Amendment violation against the federal defendants.  Accordingly, the Court recommends that Banks's Eighth Amendment claims against the federal defendants under *Bivens* be dismissed for failing to state a claim.[4]

> **b.** **§1983 Claims Against State and Local Defendants**

The Court now turns to Banks's claims brought pursuant to §1983 against the state and local defendants.  Section 1983 statutorily allows a party to recover from a state official for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

> **i.** **Conspiracy Claims**

The Court returns to Banks's allegation of a conspiracy between "State, Gov., and City Officials" to close the flood gates of the industrial canal with the intent to murder the citizens. (*See* Rec. Doc. No. 13).  As noted above, no particular officials are named in this section of the complaint other than a reference to "the defendants listed."  The Court notes that Banks also provide no allegations against any of the named state actors, Governor Blanco, Attorney General Foti, or Mayor Nagin or indicate they personally were involved in the conspiracy.

The Court notes that claims of conspiracy under § 1983 require heightened pleading.  *Lynch*, 810 F.2d at 1371.  Banks must plead the operative facts upon which his claim is based.  *Id.*  Bald allegations of a conspiracy are not sufficient.  *Id.*  As noted above, Banks fails to provide any

---

[4]The Court notes that while Banks may be currently in custody, his current status is not a result of the defendants' actions during Hurricane Katrina.

particularized allegations of conspiracy for any state actors.  Further, he provides no allegations that any state actor personally participated in any conspiracy.  Accordingly, and to the extent that Banks seeks to bring conspiracy claims under § 1983 against any of the state defendants, the Court recommends these claims be dismissed.

Furthermore, to the extent Banks alleges that the state or local actors negligently failed to protect its citizenry under §1983, these claims are also frivolous.  Acts of negligence do not implicate the Due Process Clause such that they can give rise to a claim under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986).  Accordingly, the Court recommends that to the extent Banks seeks to bring a claim of negligence against the state or local actors, these claims should be dismissed.

## ii.    Racial Discrimination

The Court next turns to Banks' claims of racial discrimination.  In his complaint, Banks simply alleges the occurrence of racial discrimination and nothing more.  He does not allege that any state actor treated him differently because of his race.  Such allegations are a prerequisite to a racial discrimination claim. The Court notes that "[c]onclusory allegations of racial discrimination are insufficient to maintain a § 1983 action." *McMillan*, 120 Fed. Appx. at 849.  In this case, Banks has failed to allege sufficient facts that would allow him to maintain his action against the state defendants.[5]  Accordingly, the Court recommends that, to the extent Banks seeks to allege a claim of racial discrimination under § 1983, such a claim should be dismissed for failing to state a claim and/or for frivolousness.

---

[5]The Court notes that Banks fails to allege any facts to show that members of other races were not subjected to the conditions caused by Hurricane Katrina.  The Court notes that the Hurricane devastated large parts of New Orleans indiscriminately affecting those of all races.  Thus, Banks cannot establish that any actions by the state defendants were taken because of his race.

### iii.   **Eighth Amendment**

As noted above, in order to state a claim under the Eighth Amendment, a party must have been in custody when the violation occurred.  *See Lynch*, 810 F.2d at 1375.  Banks does not allege that he was in the custody of the state as a result of having been convicted of a crime.  Thus, because Banks was not in the custody of the state, he cannot allege an Eighth Amendment violation against any of the state defendants.  Accordingly, the Court recommends that Banks's claims against the state defendants under the Eighth Amendment be dismissed for failing to state a claim.

### 7.   **Non-Suable Entities**

The Court notes that the only reference to the New Orleans Police Department and unknown F.B.I. agents in his complaint is the following sentence, "[t]herefore, as similar to the (CRIPA act) we have totally exhausted our grievance procedures [p]rior to filing this suit and criminal complaint that has been ignored by the defendants of the F.B.I., Local Police [sued as NOPD in the complaint], and New Midas as listed in the complaint."  (*See* Rec Doc. No. 3 at 15 ).

Under the broadest reading, Banks alleges that the F.B.I., the NOPD, and New Midas failed to adequately respond to his grievances.  He does not indicate how or when he filed his grievances with the F.B.I., the NOPD or New Midas.  However, prior to concluding whether Banks can bring a claim for failing to adequately respond to his grievances, the Court must determine whether he can, in fact bring suit against the NOPD and unknown FBI agents.  The Court does not address whether New Midas is a suable entity because New Midas is not listed as a defendant.

### a.   **New Orleans Police Department**

The NOPD is not a suable entity.  In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the NOPD is a suable entity.[6]  Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code art. 24.

The State of Louisiana grants no such legal status to any law enforcement office or department.  *See Knight v. Colens*, No. 06-CV-4538, 2006 WL 2849774 at *5 (E.D. La. Oct. 3, 2006).  Thus, Banks cannot state a claim against the NOPD because it is not a suable entity and to the extent Banks seeks to allege a claim of racial discrimination under § 1983, such a claim should be dismissed for failing to state a claim or for frivolousness.

### b.      Unknown FBI Agents

The Court then turns to the unknown F.B.I. agents.  Banks's claims as presented cannot go forward against these fictitious party defendants.  As discussed above, a defendant is not proper if it lacks capacity to be sued as required under Fed. R. Civ. P. 17(b).  Without the identity of the agents, or some reasonable expectation that Banks can obtain their identities, Banks has failed to name a proper party with determinable capacity to be sued and will be unable to execute service.  Therefore, the claim against the unidentified F.B.I. agents, indeed any claims he seeks to state against the unidentified F.B.I. agents should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915(e)(2)(b).

### 8.      Claim under the National Insurance Laws

---

[6]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." See Fed. R. Civ. P. 17(b).

The Court notes that Banks alleges violations of the National Insurance Laws with the "intent to monopolize off of individuals who are indigent."  Under the broadest reading, it is possible that Banks seeks to bring a cause of action under the National Flood Insurance Program against Allstate. The Court notes that among his exhibits,  Banks attaches a notice from Allstate regarding a payment made under a Flood Insurance Policy along with a check for $2500.00  made out to Glen C. Banks. (*See* Pl. Cmplt. Ex. G).  Glen Banks is the plaintiff's mother and he is the executor of her estate.

However, the Court further notes that Banks improperly seeks to bring his claim against Allstate under the National Flood Insurance Program as a virtually unlimited class action which he does not limit to others with claims against Allstate.  Accordingly, the Court should dismiss his claims against Allstate unless Banks files a motion to amend within 20 days from the signing of this Report and Recommendation with a proposed amended complaint to restate his claim against Allstate that is not in the form of a class action.

### 9.      Obligation to Protect

Among the laundry list of causes of action provided by Banks is the breach of the obligation under the law to protect the citizens.  The Court could construe this as a failure to protect claim brought pursuant to the due process clause of the Fifth Amendment as against the federal defendants, and as a claim brought pursuant to the Fourteenth Amendment as against the state defendants.  *See DeShaney v. Winnebago County Dep't of Social Serv.'s*, 489 U.S. 189,196 (1989) (noting a failure to protect claim may be brought against the state pursuant to the Fourteenth Amendment); *Harris v. Dep't of Interior*, 164 F.3d 606 (9th Cir. 1998) (table, text in Westlaw) (noting that failure to protect claim against the federal government is brought under the due process clause of the Fifth Amendment).

The Supreme Court has noted that the due process clause is "phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *DeShaney*, 489 U.S. at 196. The *DeShaney* Court noted that it is only in special circumstances that the Constitution imposes a duty on the government to assume some responsibility for a person's safety and general well-being. *Id.* at 199-200. These circumstances include when an "individual's freedom to act on his own behalf – through incarceration, institutionalization, or other similar restraint of personal liberty" has been infringed by the State. *Id.* at 200. The Constitution also imposes a duty when the affirmative conduct on the part of the State placed the plaintiff in danger. *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992).

Banks has not alleged any of those special circumstances here. Further, other courts have concluded that the due process clause does not "provide the right that an evacuation plan should guarantee the safety of all residents." *Berthelot v. Boh Brothers Construction, L.L.C.*, 2006 WL 2256995 (E.D. La. July 19, 2006) (*citing Mass. Coalition of Citizens with Disabilities v. Civil Defense Agency and Office of Em. Preparedness*, 649 F.2d 71 (1st Cir. 1981)). Accordingly, because the Due Process Clauses of the Fifth and Fourteenth Amendments do not provide for an obligation to protect under the law, the Court recommends that Banks's failure to protect claim be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915(e)(2)(b).

## C. **State Law Claims**

In this case, the allegations of Banks, even under a broad reading, fail to state a federal cause of action providing this Court with subject matter jurisdiction. The Court then turns to Banks's state law claims. The Court notes that Banks also apparently seeks to bring a cause of action against the remaining defendants under Louisiana state law for wrongful death, theft, conspiracy, insurance

fraud, negligence, and violations of the  Louisiana Code of Criminal Procedure for damage to the water pipeline.

However, he fails to identify the particular defendants against whom these claims are urged and given the state law nature of the claims , the Court will not speculate whether he seeks to bring these claims against the remaining public or private actors.  He also apparently seeks to state a claim for false publication possibly against Cable News Network, WDSU Atlanta, and WWL New Orleans.

The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon University v. Cahill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

The Court is recommending dismissal of  Banks's  federal claims in their entirety and under Fifth Circuit law, should therefore decline to exercise supplemental jurisdiction over the remaining state law claims. The Court recommends that his claims filed pursuant to state law against the state and private defendants should be dismissed without prejudice to his ability to pursue them in state court.

### D.     Pending Motions

Several defendants have filed motions to dismiss or motions for a motion definite statement. In this case, because the Court recommends dismissal of most of the claims raised in Banks's complaint while performing its statutory duty to review *in forma pauperis* complaints under 28 U.S.C. § 1915(2)(B), the motions are moot.  Accordingly, the Court recommends that CNN and WXIA's Motion to Dismiss Frivolous Complaint, Or in the Alternative, For More Definite Statement (doc. # 23), Midland Mortgage's Motion to Dismiss (doc. # 26),  ZC Sterling Agency's Motion to Dismiss (doc. # 37), Defendant Allstate Insurance Company's Rule 12(e) Motion for More Definite Statement (doc. # 44), the Motion for More Definite Statement (doc. # 45) filed by the United States, President George W. Bush, the Federal Emergency Management Agency, the Small Business Administration, and the Federal Bureau of Investigation, and Defendant Allstate Insurance Company's Rule 12(e) Motion for More Definite Statement in Response to Plaintiff's Amended Petition be denied as moot.

## IV.    Recommendation

It is therefore **RECOMMENDED** that Leroy Banks's claims under the Federal Tort Claims Act be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

It is further **RECOMMENDED** that Banks's claims against the Social Security Administration, the Small Business Association, the Army Corps of Engineers, Midland Mortgage Company, Z.C. Sterling Insurance Company, the Sewerage and Water Board of New Orleans, and First Avenue Baptist Church, be **DISMISSED WITH  PREJUDICE**  for failing to state a claim and or for frivolousness under 28 U.S.C. § 1915(e)(2)(b) for failure to comply with Fed. R. Civ. P. 8.

It is further **RECOMMENDED** that Banks's claims against the New Orleans Police Department and unknown F.B.I. Agents be **DISMISSED WITH PREJUDICE** for failing to state a claim and/or for frivolousness under 28 U.S.C. § 1915(e)(2)(b) because they are not suable entities.

It is further **RECOMMENDED** that Banks's claims *Bivens* claims against the federal defendants be **DISMISSED WITH PREJUDICE** for failure to state a claim and/or as frivolous unless Banks amends his complaint within 20 days and specifically detail which federal actors violated constitutional rights such that he is entitled to assert a *Bivens* claim against them.

It is further **RECOMMENDED** that Banks's remaining claims under federal law against President George W. Bush, Governor Kathleen Blanco, Mayor C. Ray Nagin, Attorney General C. Foti, Michael Brown, the Federal Emergency Management Agency, Cable News Network, WDSU Atlanta, and WWL New Orleans, be **DISMISSED WITH PREJUDICE** for failure to state a claim and/or as frivolous pursuant to Title 28 U.S.C. § 1915(e).

It is further **RECOMMENDED** that Banks's claims against Allstate be **DISMISSED WITH PREJUDICE** for failure to state a claim and/or as frivolous unless Banks amends his complaint within 20 days against Allstate under the National Flood Insurance Act such that it is not in the form of a class action.

It is further **RECOMMENDED** that any remaining state law claims against President George W. Bush, Governor Kathleen Blanco, Mayor C. Ray Nagin, Attorney General C. Foti, Michael Brown, the Federal Emergency Management Agency, Cable News Network, WDSU Atlanta, and WWL New Orleans be **DISMISSED WITHOUT PREJUDICE** because the Court declines to exercise pendent jurisdiction.

It is further **RECOMMENDED** that **CNN and WXIA's Motion to Dismiss Frivolous Complaint, Or in the Alternative, For More Definite Statement (doc. # 23)** be **DENIED as MOOT**.

It is further **RECOMMENDED** that **Midland Mortgage's Motion to Dismiss (doc. # 26)** be **DENIED as MOOT**.

It is further **RECOMMENDED** that **ZC Sterling Agency's Motion to Dismiss (doc. # 37)** be **DENIED as MOOT.**

It is further **RECOMMENDED** that **Defendant Allstate Insurance Company's Rule 12(e) Motion for More Definite Statement  (doc. # 44)** be **DENIED as MOOT**.

It is further **RECOMMENDED** that the **Motion for More Definite Statement (doc. # 45)** filed by the United States, President George W. Bush, the Federal Emergency Management Agency, the Small Business Administration, and the Federal Bureau of Investigation be **DENIED as MOOT.**

Finally, it is **RECOMMENDED** that **Defendant Allstate Insurance Company's Rule 12(e) Motion for More Definite Statement in Response to Plaintiff's Amended Petition** be **DENIED as MOOT.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___28th___ day of February, 2007

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**